CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for rehe

JUL 24 2014

JULIA C. DUDLEY, CLERK
BY: HMcDonea
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JONATHAN REED STILTNER,<br>Plaintiff, | ) ) ) | Civil Action No. 7:14-cv-00350 |
| v. | ) ) | **MEMORANDUM OPINION** |
| GERALD MCPEAK, et al.,<br>Defendants. | ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Jonathan Reed Stiltner, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 that names, inter alia, the Medical Department of the New River Valley Regional Jail as a defendant. I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, the "Medical Department" is not an appropriate defendant to a § 1983 action. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); see Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that the Otisville Correctional Facility Medical Staff is not a person for purposes of § 1983). Accordingly, any claims against the Medical Department are dismissed without prejudice, and the Medical Department is terminated as a defendant. This action remains pending against defendants Gerald McPeak, Dr. Moses, and Nurse Akers.

ENTER: This 24th day of July, 2014.

/s/ Jackson L. Kiser
Senior United States District Judge